UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HOMIESHOP PROPERTIES, L.L.C.,

Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,

Defendants.

Case No. 1:26-cv-9588

The request is granted. The Clerk of Court is respectfully directed to close the motion pending at Docket Number 12.
SO ORDERED
November 5, 2026
New York, New York

JOHN P. CRONAN
United States District Judge

**PLAINTIFF'S MOTION TO EXCEED PAGE LIMITATION**
**(APPLICATION FOR ENTRY OF A TEMPORARY RESTRAINING ORDER)**

Plaintiff, HOMIESHOP PROPERTIES, L.L.C. ("Plaintiff"), respectfully moves for an order granting Plaintiff permission to file a memorandum of law in support of Plaintiff's *ex parte* application (the "Application") for entry of a Temporary Restraining Order ("TRO") in excess of the page limitations set by the Court.

As part of the Application, Plaintiff seeks the following relief:

(1) a temporary restraining order against Defendants (as described in **Schedule A** attached to the Complaint) enjoining Defendants from the manufacture, importation, distribution, offering for sale, and sale of counterfeit products (the "Counterfeit Products") bearing, using, or infringing upon Plaintiff's trademarks covered by U.S. Trademark Registration Nos. 1,965,095; 2,742,221; 4,623,714; 7,402,099; and 7,590,687;

(2) a temporary restraint of certain of Defendants' assets, to preserve Plaintiff's right to an equitable accounting;

(3) expedited discovery allowing Plaintiff to inspect and copy Defendants' records relating to the manufacture, distribution, offering for sale, and sale of Counterfeit Products, as well as of Defendants' financial accounts;

(4) permission to effectuate service by electronic mail and electronic publication; and

(5) an order directing Defendants to show cause why a preliminary injunction should not issue on the return date of the Application.

As a result, Plaintiff's Application must address the relevant law and evidence on each of these five distinct issues, which must be considered simultaneously. Because Plaintiff does not yet know which judge will be assigned to this case, Plaintiff is unable to determine whether its memorandum will exceed that judge's individual rules. However, Plaintiff's proposed brief contains approximately 9,373 words, which is in excess of the default 8,750-word limit contained in Local Civil Rule 7.1(c). To the extent necessary, therefore, Plaintiff respectfully requests that the Court accept the accompanying memorandum of law for filing.

Dated: November 2, 2026

Respectfully,

*/s/ Christopher Tom*

Christopher Tom
Boies Schiller Flexner LLP
55 Hudson Yards
New York, NY 10001
(212) 446-2300
ctom@bsfllp.com

*Attorney for Plaintiff, HOMIESHOP PROPERTIES, L.L.C.*